**JIN RUI HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05-71777.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Jin Rui Huang, New York, NY, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., David E. Dauenheimer, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jin Rui Huang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order adopting and affirming an immigration judge's decisions denying his motion to reopen removal proceedings conducted *in absentia* and his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The agency did not abuse its discretion in denying Huang's motion to reopen as untimely because it was filed more than four years after the *in absentia* removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (requiring motion to reopen based on exceptional circumstances to be filed within 180 days of order of removal *in absentia*). Huang's assertion that he did not know he could file a motion to reopen until he consulted with an attorney does not excuse his untimely filing because he has not alleged a basis for equitable tolling, nor has he shown that he acted with due diligence. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003).

The agency did not abuse its discretion in denying Huang's motion to reconsider as untimely. *See* 8 U.S.C. § 1229a(c)(6)(B) (motion to reconsider must be filed within 30 days of the final administrative order). To the extent the motion sought the IJ's consideration of new evidence, it was a time and number barred second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A) and (c)(7)(C).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.